Robert J. Lauson, Esq.
LAUSON & TARVER LLP
880 Apollo Street, Suite 301
El Segundo, CA 90245
Phone: (310) 726-0892
Fax: (310) 726-0893
Email: bob@lauson.com

Attorney for Plaintiff
LIFTAG SPORT LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| **LIFTAG SPORT, LLC**, a Delaware limited liability company,<br><br>**Plaintiff,**<br><br>v.<br><br>**NUTREX RESEARCH, INC.**, a Florida Corporation; and DOES 1 through 10, inclusive,<br><br>**Defendants.** | CASE NO.: 2:15-cv-07354<br><br>**Complaint For:**<br>1. **Federal Trademark Infringement**<br>2. **California Unfair Competition**<br><br>*Demand For Jury Trial* |

// 
// 
//

FOR ITS COMPLAINT Plaintiff LIFTAG SPORT LLC, by and through it counsel of record, alleges as follows:

## THE PARTIES

1. Plaintiff Liftag Sport, LLC "Liftag" is a Delaware limited liability company organized and existing under the laws of the State of Delaware, with a business address of 10573 Pico Blvd., Suite 601, Los Angeles, California 90064.

2. Upon information and belief, Defendant Nutrex Research, Inc. ("Nutrex") is a Florida corporation organized and existing under the laws of the State of Florida, with a business of 579 South Econ Circle, Oviedo, Florida 32765.

3. Plaintiff is ignorant of the true names and capacities of Doe Defendants 1-10, inclusive, and therefore sues them by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that the harm to Plaintiff as alleged herein was proximately caused by those Defendants. At all times herein mentioned, Defendants DOES 1-10, inclusive, were the agents, servants, employees or attorneys of their Co-Defendants, and in doing the things hereinafter alleged were acting within the course and scope of their authority as those agents, servants, employees or attorneys, and with the permission and consent of their Co-Defendants.

## JURISDICTION AND VENUE

4. This is an action arising under the trademark laws of the United States, specifically the Lanham Act, 15 U.S.C. §§ 1051 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) as federal questions relating to trademarks.

5. This Court has personal jurisdiction over all Defendants. Upon information and belief, Defendant Nutrex authorized, directed and participated in the acts alleged in this complaint, including infringing sales into California.

6. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 as a substantial number of the events on which the claims are based took place in this district.

7. The Court has supplemental jurisdiction over the related state law claim pursuant to 28 U.S.C. §1367.

**NATURE OF THE ACTION**

8. Plaintiff brings this action in order to prevent consumer confusion in the marketplace and protect their valuable intellectual property assets associated with ULIFT® branded products.

19. Defendant, without authorization commenced use of a confusingly similar trademark OUTLIFT in connection with the same goods.

10. Accordingly, this is an action for trademark infringement in violation of the Lanham Act, 15 U.S.C §1114 and for California Unfair Competition, Cal. Business & Profession Code §17200.

**FACTUAL BACKGROUND**

11. Plaintiff Liftag Sport, LLC is a small Los Angeles based company founded in 2011 with one goal: create superior supplements and performance beverages that will elevate athletes every day. See attached Exhibit A, from LiftagSport.com.

12. Since at least as early as May 1, 2013 Liftag has been extensively using, in interstate commerce, the trademark ULIFT as a source indicator for pre-workout powder. See Exhibit B.

13. In 2014 and 2015, Liftag exhibited at numerous trade shows and otherwise promoted the ULIFT® brand, including various fit expos in: Los Angeles, California; Arnold, Ohio; Cologne, Germany; Auckland, New Zealand etc. See photo below from the Fit Expo Los Angeles taken on January 25, 2014:



14. On March 12, 2014 Liftag's principal filed its federal trademark application, Serial No. 65/983,715 ULIFT for goods including "nutritional supplements in the form of powder." On September 5, 2015 U.S. Registration No. 4,809,073 issued and was assigned to Liftag its present owner.

15. Plaintiff is also the owner of Australia Trademark Registration No. 1585921, European Trademark Registration No. 012098571 and pending Canadian Trademark Application No. 1640547, all for ULIFT, for pre-workout powders.

16. Recently Liftag became aware of a pre-workout powder product being sold under the mark OUTLIFT. Given the similarity of the marks and how they are displayed on their labels, for the same goods sold in the same stores, sometimes side-by-side, actual confusion has resulted. See photo below.



17. As a result, Plaintiff is losing substantial sales, including an inability to sell its ULIFT pre-workout powder product given the OUTLIFT pre-workout powder product in the similar package already on sale. Although Plaintiff is the senior user, Plaintiff has been accused of having knocked off Defendant's product.

**FIRST CAUSE OF ACTION**

**Infringement of Federally Registered Trademark (15 U.S.C. §1114(1))**

**(Against All Defendants)**

18. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-17 as though set forth herein.

19. Defendant, without Plaintiff's consent, is using a trademark substantially similar to Plaintiff's ULift® mark in commerce on or in connection with the sale, offering for sale, distribution, promotion and/or advertising of the same goods, and such use is likely to cause confusion, or to cause mistake or to deceive.

20. Upon information and belief, Defendant's acts have been committed willfully and with knowledge of Plaintiff's exclusive rights in the ULift® mark, as well as with bad faith and the intent to cause confusion, or to cause mistake and/or to deceive.

21. Defendant's wrongful acts have caused and will continue to cause irreparable harm to Plaintiff's ULift® mark and to the goodwill in the ULift® mark, which harm is difficult to quantify, and unless this Court restrains Defendant from further commission of said acts, Plaintiff will continue to suffer irreparable harm for which it has no adequate remedy at law.

22. Defendant's OUTLIFT products and Plaintiff's ULIFT products are directly competitive products that are advertised and sold within the identical channels of trade.

23. Rather than fairly compete in the marketplace and allow consumers to exercise choice, Defendant resorts to promoting its OUTLIFT products using a trademark that is confusingly similar to Plaintiff's ULIFT® trademark.

24. Defendant has no consent, license, approval or other authorization to use the ULIFT trademark or confusingly similar or colorable imitation thereof in connection with any of its products, let alone a directly competing pre-workout powder.

25. Defendant's use of the OUTLIFT trademark shows willful intent of the Defendant to misrepresent the source of Defendant's goods so as to create confusion, mistake or to deceive as to Defendant's connection or association with Plaintiff's and the source and/or sponsorship of Defendant's products.

26. As Plaintiff has no adequate remedy at law and is suffering and will continue to suffer irreparable harm if Defendant's acts are not immediately enjoined. Accordingly, in addition to monetary relief subject to proof, Plaintiff seeks injunctive relief.

## SECOND CAUSE OF ACTION
## California Unfair Competition
## California Business & Profession Code §17200 et seq.
## (Against All Defendants)

27. Plaintiff incorporates by reference all the allegations contained in paragraphs 1-26 of this Complaint and incorporates them herein.

28. Defendant's actions discussed herein constitute unfair competition under the meaning of California Business and Professions Code § 17200 et seq.

29. These wrongful acts have caused and will continue to cause to Plaintiff substantial injury that is both imminent and irreparable, and the amount of damage sustained will be difficult to ascertain if these acts continue; Plaintiff has no adequate remedy at law.

30. Pursuant to California Business and Professions Code § 17203, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants to cease this unfair competition.

31. Plaintiff is entitled to restitution, in that Defendant must disgorge its profits and ill-gotten gains for having infringed Plaintiff's registered mark.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter Judgment against Defendants including:

A. finding Defendant infringed Plaintiff's ULIFT® mark and engaged in unfair competition;

B. that a preliminary and permanent injunction issue enjoining and prohibiting Defendant, their agents, servants, employees, officers, attorneys, successors and assigns and all others in active concert or participation with Defendant from using the OUTLIFT mark, or any

colorable imitation thereof, in connection with the description, marketing, promotion, advertising, or sale of any nutritional supplement product or related services;

C. Judgment that Defendants, and each of them, shall file with the court and serve on Plaintiff's counsel a written report stating what actions they have taken to comply with the Court's injunction, and said report shall be due within thirty (30) days after entry of the injunction;

D. That Defendant's erroneously issued U.S. Registration No. 4,646,744 be ordered canceled;

E. Damages subject to proof;

F. that this is an exceptional case under 35 U.S.C. § 285 entitling Plaintiff to recover its attorneys' fees;

G. an award of all costs of this suit; and

H. such other and further relief that the Court deems just and proper.

DATED: September 18 , 2015         Respectfully Submitted,

                                            LAUSON & TARVER LLP

                                            By: /s/ Robert J. Lauson
                                            Robert J. Lauson, Esq.
                                            Attorney for Plaintiff
                                            LIFTAG SPORT LLC

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38 and Local Rule 38-1 Plaintiff hereby requests a trial by jury on all claims so triable.

DATED: September 18, 2015      Respectfully Submitted,

LAUSON & TARVER LLP

By: /s/ Robert J. Lauson
    Robert J. Lauson, Esq.
    Attorney for Plaintiff
    LIFTAG SPORT LLC